## D. C. Miller, Appellant, v. Eva S. Liljerstrom, Appellee.

### Gen. No. 5,834.   (Not to be reported in full.)

Appeal from the County Court of Knox county; the Hon. R. C. Rice, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

### Statement of the Case.

Action in *assumpsit* by D. C. Miller against Eva S. Liljerstrom to recover one-half the value of real estate which defendant took as sole devisee named in the will of her father. It appeared that defendant—an uneducated woman, was an illegitimate child and had been living with her father and was recognized and treated as his daughter, and that the father, unfamiliar with business affairs, neglected to make a will in her favor. She discussed the matter with plaintiff, who was an attorney, and he drafted a paper for her father to sign which was entitled "The acknowledging and owning of a child," but the signature was not obtained. Plaintiff claims that afterwards through a mutual friend he induced the father to make a will leaving his property to defendant and that he had an oral agreement with her that he should receive one-half the value of the property he might thus obtain for her. The jury found for the defendant and judgment was entered on the verdict. From the judgment, plaintiff appeals.

R. C. Hunt, for appellant.

Hardy, Welsh & Hardy and E. A. Corbin, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

ATTORNEY AND CLIENT, § 135*—*when evidence insufficient to establish contract for compensation.* In an action by an attorney to recover one-half the value of real estate which plaintiff took as devisee in the will of her father, plaintiff claimed he was entitled thereto under an oral contract with defendant that he should receive one-half of defendant's father's property he might obtain for her by inducing the father to own that defendant was his child and inducing the father to make a will devising his property to defendant. *Held* that a verdict for defendant on conflicting evidence whether defendant made such a contract would not be disturbed.